Inzebelle WILLIAMS, Jennifer Williams by her mother and next friend Charlotte Williams, and Johnny A. Williams, [Plaintiffs],

v.

NATIONAL TRAILER CONVOY, INC., an Oklahoma corporation, Howard W. Schoby, and the Commodore Corporation, a Delaware corporation, [Defendants].

No. 81–K–1768.

United States District Court, D. Colorado.

Oct. 12, 1982.

Michael E. Hendricks, Hendricks & Hendricks, Robert Dunlap, P.C., Colorado Springs, Colo., for plaintiffs.

Jerry A. Retherford, Rector, Retherford, Mullen & Johnson, Colorado Springs, Colo., for National and Schoby.

John F. Hensley, Wood, Ris & Hames, P.C., Denver, Colo., for Commodore.

## ORDER

KANE, District Judge.

The issue in this motion to dismiss is whether the strict liability principles of the *Restatement (Second) of Torts* § 402A should be extended to non-users or non-consumers.

On January 20, 1981, the defendant Schoby was operating a tractor unit, towing a mobile home, west-bound on a highway. The towed unit crossed into the east-bound lane resulting in a collision with the vehicle operated by Clemmy H. Williams. Williams was killed. His wife and minor children are suing for lost support and services of their husband and father respectively. The Commodore Corporation manufactured the mobile home. The substantive law of Colorado applies. In *Hiigel v. General Motors Corp.,* 190 Colo. 57, 544 P.2d 983 (1974), Colorado adopted § 402A of the *Restatement (Second) of Torts* as the rule governing products liability. The Restatement, in pertinent part, provides:

> One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, ...

There is a caveat which expressly leaves open the question of whether strict tort liability should exist in favor of persons other than users or consumers. The policy underlying products liability is the desire to minimize risks of personal injury and property damage by charging the cost of injuries against the manufacturer who has put the product in the stream of commerce. It is reasoned that the cost of procuring insurance can be distributed among the public as a cost of doing business. The trend of the courts has been to extend liability.[1] It is irrational to exclude the bystander from pursuing redress for injury merely because he is in a different circle of plaintiffs. It is often stated that if anything, bystanders should be entitled to greater protection than consumers where injury to bystanders from the defect is reasonably foreseeable; they are in an even poorer position than the consumers or users to inspect for defects and limit their purchases to reputable retailers.

Colorado law in the area is sparse, but in *Bradford v. Bendix-Westinghouse Auto. Air Brake Co.,* 517 P.2d 406 (1973), *cert. denied,* (1974), the court extended liability to a bystander. Defective brakes caused a bystander-passenger on the highway to be injured. The present defendant distinguishes that extension by concluding the intended use of a brake pedal would benefit other motorists upon the highway. A narrow interpretation of that case cannot refute the logical conclusion of the present one; any vehicle properly maintained is a benefit to other motorists. In a related case, *Bendix-Westinghouse, Etc. v. Latrobe Die Cast Co.,* 427 F.Supp. 34 (D.Colo.1976), Judge Finesilver stated, "In order for strict liability to apply, there must be (a) an unreasonably dangerous defect (b) in the product which reaches the consumer or *bystander* without substantial change, and (c) the defect must be a proximate cause of the accident." 427 F.Supp. at 41 (emphasis added).

While it is true that the Colorado Supreme Court has not yet ruled precisely on the issue of extending strict liability in tort to non-users or non-consumers, the Bradford rationale and the secondary authority previously mentioned persuades me that the law of strict liability in Colorado extends to non-users or non-consumers. Therefore,

IT IS ORDERED that the motion to dismiss is denied.

---

1. There are numerous states that have reached this conclusion. E.g., *Elmore v. American Motors Corp.,* 70 Cal.2d 578, 585–587, 451 P.2d 84 (1969); *West v. Caterpillar Tractor Co., Inc.,* 336 So.2d 80 (Fla.1976); *Piercefield v. Remington Arms Co.,* 375 Mich. 85, 133 N.W.2d 129 (1965); *Moss v. Polyco,* 522 P.2d 622 (Okl. 1974); *Embs v. Pepsi-Cola Bottling Co. of Lexington, Kentucky, Inc.,* 528 S.W.2d 703 (Ky. App.1975); *Jones v. White Motor Corp.,* 61 Ohio App.2d 162, 401 N.E.2d 223 (1978).